A. J. SCARBORO et al v. J. H. SCARBORO et al.

(Decided March 15, 1898.)

*Partition—Adverse Possession—Evidence—Trial.*

1. Where land was conveyed by parents to children, but remained for more than 20 years in possession of the grantors who exercised ownership and rented parts of the land to some of the grantees; *Held* that, if the grantees ever had title under the deed, the title was reinvested in the parents by the 20 years possession.

2. Where, in proceedings for partition, the defendants claimed under a deed executed by their parents more than 20 years before the proceedings were commenced, and it appeared that during the said 20 years the parents remained in possession, it was not error to admit evidence of the declarations of defendants adverse to their interest in the land.

3. The estate of a wife in land occupied by her husband before his death, is an elongation of her husband's estate, and when assigned by the heir or otherwise, relates to the death of the husband.

SPECIAL PROCEEDING for the partition of lands, instituted before the Clerk of WAKE Superior Court and transferred to Term for trial of the issue of sole seizin raised by certain of the defendants. The case was tried at October Term, 1897, of WAKE Superior Court before *Robinson, J.*, and a jury, upon the following issues:

1. Are the plaintiffs owners with the defendants of the land described in the complaint as tenants in common?

2. Is the plaintiffs' action barred by the statute of limitations?

The facts sufficiently appear in the opinion. Both issues were found in favor of the plaintiffs and the defendants appealed from the judgment rendered.

*Messrs. J. H. Fleming* and *W. N. Jones* for plaintiffs.

*Messrs. Douglas & Holding* for defendants (appellants).

FAIRCLOTH, C. J.: The plaintiffs contend that they and the defendants are tenants in common and the defendants claim to be sole seized. The common ancestor was the owner of the land, and by deed in 1868 conveyed the same to the three defendants. He continued in possession until his death in 1878, and his wife continued in possession until her death in 1896. The daughter defendant remained with her father and mother until their deaths. The defendant E. J. Scarboro rented a part of the land from his father while he lived and then rented a part from his mother until her death. S. H. Scarboro did not live on the land after 1870. There was much evidence introduced to show whether the father and mother or the defendants were in possession after the deed was executed in 1868; also as to declarations of the defendants disclaiming any more interest in the land than the plaintiffs had. The evidence was conflicting and contradictory. The jury returned a verdict in favor of the plaintiffs' contention.

The Court charged the jury that, if they should find that the father and mother were in the adverse possession, they should answer the first issue "yes," but, if they should find that the defendants were in possession and permitted their father and mother to remain with them in order to give them support, then they should answer the first issue "no." The defendants excepted to proof of their declarations as to their interest, etc., in the land, on the ground that title could not be established or divested by such declarations. That probably is true, but surely their own declarations were *competent* against them to show the nature of their possession or actual

presence on the premises.    The *bona fides* of the defend-
ants' deed was not in issue, and the trial did not turn
upon that question. That was a collateral matter, incident-
ally referred to by witnesses in connection with their
evidence as to the defendants' declarations.    According
to the finding of the jury, the father and mother were
in possession under claim of ownership, occupying and
renting the land to some of the defendants, more than
20 years, which reinvested the title, if the defendants
had had it under their deed.

The exclusion of the evidence of S. H. Scarboro and
Fleming was not error, because it tended to prove the
*bona fides* of the deed, which was not in issue, and the
evidence was immaterial.

It is too late now to discuss whether the estate of the
wife is a continuation of that of the husband, or
whether she takes under the heir.    It is an elongation
of the husband's, and when assigned by the heir or
otherwise, it relates to the death of the husband.    *Nor-
wood* v. *Marrow*, 20 N. C., 442.

In the present case it was the possession of the hus-
band and wife for more than 20 years, after the date of
the deed, that defeats the claim of the defendants.

Affirmed.