JAMES SHULER ET AL. v. BURNHARDT LUMBER COMPANY.

(Filed 24 December, 1920.)

1. **Limitation of Actions—Judgments—Estoppel—Adverse Possession.**

A judgment in an action involving the disputed title of land will not estop the losing party from showing his title by twenty years adverse possession since the rendition of the judgment, under known and visible metes and bounds.

2. **Same—Evidence—Questions for Jury—Trials.**

Evidence that the *locus in quo* had been in the possession of a party, claiming title by adverse possession, and that he had used the lands for the purposes to which they were adapted, for more than twenty years,

under known and visible metes and bounds, and, in this case, that he had cleared and cultivated some of it every year, and had continuously for the required period, taken from the tract rail timber, board timber, locust pins, and tan bark, is sufficient to take the case to the jury; and a motion for a judgment as of nonsuit upon the evidence will not be sustained.

APPEAL by plaintiff from *Bryson, J.,* at June Term, 1920, of GRAHAM.

This is an action to recover damages for a trespass on lands embraced in grant No. 10391, entry No. 1178, as shown on the court map. The grant was issued to J. B. Caringer and W. T. Shuler on 12 December, 1890. Plaintiffs are the heirs at law of W. T. Shuler.

At date of this grant, and up to his death, W. T. Shuler, father of plaintiffs, and his wife, Rachel Shuler, were living on tracts 1058 and 4559 (Whitaker land), adjoining the above mentioned grant. All of the above lands were covered by grant No. 3140, entry 3029, issued to A. T. Davidson, dated 3 February, 1868, and under which the defendants claim. At November Term, 1895, of the Graham Superior Court, a judgment was rendered in a suit pending between A. T. Davidson and the heirs of W. T. Shuler, present plaintiffs, adjudging that Davidson was the owner of grant No. 3140, located as shown on the Crisp plat. There was evidence tending to show that at that date the plaintiffs had one field, which lapped over on entry No. 1178, shown on the map as field No. 1, and since that date have kept said field in cultivation and enlarged same, and have made two other fields on the said entry, to wit, Nos. 2 and 3. Field No. 3 has been cultivated for about 23 years by the Shulers, they claiming all the land as their own, and that the plaintiffs had claimed the same up to known and visible lines and bounds, using same adversely, for 23 years.

The court was of the opinion that the plaintiffs were estopped by the judgment of 1895, and therefore could not claim the land. Judgment of nonsuit was entered accordingly, and plaintiffs appealed.

*T. M. Jenkins and R. L. Phillips for plaintiffs.*
*W. M. Bell and T. A. Morphew for defendants.*

WALKER, J., after stating the case: The first question presented is, "Did the judgment in favor of A. T. Davidson, entered November, 1895, estop the defendants there (plaintiffs here) from acquiring title by adverse possession? We are of the opinion that the following cases are clear authority against this position: *Wilson v. Brown,* 134 N. C., 400; *Reynolds v. Cathens,* 50 N. C., 438; *Eddleman v. Carpenter,* 52 N. C., 617; *Scarboro v. Scarboro,* 122 N. C., 234. The Court, in *Reynolds v. Cathens, supra,* held that the possession of a grantor in a deed, who holds over, after his deed was delivered, may be adverse. *Judge*

*Pearson* in his opinion, said: "In respect to the possession of Sarah Wilkie the vendor, under whom both parties claim, we are unable to see any principle of law which prevents it from being adverse to the lessor of the plaintiff. She was not his tenant for years, at will or at sufferance, nor did she enter under or obtain possession from him. As far as the case disclosed, she continued in possession without any understanding or permission on the part of the plaintiff's lessor, notwithstanding the deed she had executed, the legal effect of which was to give plaintiff's lessor right of possession, but in defiance of which she maintained and continued her possession. It would, consequently, seem that this possession was adverse." In *Johnston v. Farlow,* 35 N. C., 84, it was held that the old deed was not color, but that case recognizes that the possession can be adverse even after the deed was made. Of course, if after the execution of a deed with covenants a man can acquire title by adverse possession, he certainly can after a judgment which gives the right to a writ of possession. It was held in *Wilson v. Brown, supra,* that the possession of a person, which continues after his land is sold under execution and deed made to the purchaser, is adverse to the purchaser, but the original deed to him is not color of title after the sale.

These plaintiffs claim title by adverse possession under known and visible lines and bounds for twenty years, since the rendition of the Davidson judgment. Rev., 384.

The second question is, Was the evidence of the plaintiffs, taken in its strongest light for them, sufficient to justify a finding by the jury that they had held open, notorious, continuous, and adverse possession, under known and visible lines and bounds, for twenty years, since the date of the judgment, November, 1895?

An examination of the testimony of James Crisp, surveyor, shows that this tract of land is a well marked tract. The evidence of James Crisp, Ed. Shuler, and James Shuler all shows that these plaintiffs had used these lands for the purposes to which they were adopted, from the date of the judgment down to the bringing of the action on 15 January, 1920. Some of the acres had been cleared and cultivated every year, rail timber, board timber, locust pins, and tan bark had been taken from the land all these years.

It is admitted in defendants' brief that there was evidence to establish the contentions of plaintiffs, as to adverse possession, and we are of the opinion that there was sufficient evidence to fairly raise a controverted question for the jury, and therefore it was error to grant the nonsuit. Plaintiffs were claiming 20 years adverse possession, and not under color.

New trial.